JS 44 (Rev. 12/07)(cand rev 1-16-08)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

ALBERTO ROCHA, Ph.D.

## DEFENDANTS

ELAINE CHAO, Secretary, Department of Labor

**(b)** County of Residence of First Listed Plaintiff **ALAMEDA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Howard Moore, Jr.   510.542.7172
Moore & Moore
1563 Solano Avenue, #204
Berkeley, CA 94707-2116

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Determination |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | Under Equal Access |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | to Justice |
| | Other | | Alien Detainee | | ☐ 950 Constitutionality of |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | State Statutes |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 United States Code section 20002-16(c)(Title VII, Civil Rights Act of 1964, as amended)

Brief description of cause:
Retaliation and hostile work environment employment discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE"

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE
June 12, 2008

SIGNATURE OF ATTORNEY OF RECORD

1 | HOWARD MOORE, JR., SBN 55228
MOORE & MOORE
2 | 1563 Solano Avenue, No. 204
Berkeley, California 94707-2116
3 | Telephone:   (510) 452-7172 or (510) 868-8834
Facsimile:    (510) 528-3024
4 | Email: moorlaw@aol.com

5 | Attorneys for Plaintiff

6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHER DISTRICT OF CALIFORNIA

10

11 | ALBERTO ROCHA, Ph.D.,                    Civil Action No.        3049

| Plaintiff,

12 |                                          )
|                                          )
13 | vs.                                      )    COMPLAINT FOR DAMAGES
|                                          )    [Employment Discrimination,
| ELAINE CHAO, Secretary,                   )    (National Origin, Race, Gender,
14 | Department of Labor,                     )    Retaliation, Hostile Work Environment)]
|                                          )
15 |                Defendant.                )
|                                          )    **JURY TRIAL DEMANDED**
16 | _____      )

17

18 | **I.        JURISDICTION AND VENUE**

19 |         1.      The jurisdiction of the Court over this complaint is invoked pursuant to the

provisions of 28 United States Code §§1331 and 1343(a)(4), and pursuant to the provisions of 42

20 | United States Code §2000e-16(c) and (d)(Title VII of the Civil Rights Act of 1964, *as amended*).

21 | This civil action is brought to redress discrimination in employment within an agency of the

22 | United States based upon Plaintiff's national origin, race, gender, his participation in protected

23 | activity, and creation and maintenance of a hostile work environment because of Plaintiff's

24 | protected status and his participation in protected activity.

25 |         2.      Venue lies within this judicial district by reason of the fact that the acts or

26

27

28

COMPLAINT FOR DAMAGES
Alberto Rocha, Ph.D. v. Elaine Chao, Secretary          Civil Action No.

1  omissions complained of herein occurred within the territorial boundaries of this judicial district.

2  **II.    PARTIES**

3      3.    Plaintiff herein is ALBERTO ROCHA (hereinafter "Plaintiff or Dr. Rocha"). Dr.

4  Rocha is an adult, male citizen of the Unites States, who resides in Alameda County, California.

5  Dr. Rocha is a person of Mexican descent, whose race or color is Brown. At all times relevant

6  herein, Dr. Rocha was an employee of the United States Department of Labor at one of its offices

7  in northern California. Dr. Rocha is currently holds the position of Assistant District Director,

8  United States Department of Labor, Employment Standards Administration, Office of Federal

9  Contract Compliance Programs, Greater San Francisco Bay District Office, San Francisco,

10  California.

11      4.    Defendant is ELAINE CHAO, Secretary of the United States Department of

12  Labor, an agency of the United States ("hereinafter "Defendant or Agency"). The Agency is an

13  employer within the meaning of Title VII of the Civil Rights Act of 1964, *as amended*.

14  **III.    FACTUAL ALLEGATIONS**:

15      5.    Throughout Dr. Rocha's long employment with the Agency, he was an active

16  advocate for equal employment opportunities and equal treatment of racial and ethnic minorities

17  within the Agency. In an informal complaint, Dr. Rocha filed on January 31, 2005, he

18  complained that the Agency's "management impugned [his] integrity as a manager by ...

19  development of fraudulent records to substantiate and ensure a retaliatory termination action

20  because [he] engaged in protected activity ..." On April 1, 2005, April 5, 2005, April 6, 2005,

21  April 8, 2005, April 15, 2005, June 3, 2005, June 6, 2005, June 8, 2005, June 9, 2005, June 10,

22  2005, and June 12, 2005, Dr. Rocha filed employment discrimination complaints with the

23  Agency concerning its discriminatory and retaliatory actions toward him.

24      6.    Beginning around or about December 29, 2004, and continuously thereafter, the

25  Agency subjected Plaintiff or caused Plaintiff to be subjected to the following adverse actions:

26      a.    Suspending Plaintiff for 14 days for alleged misuse of a government issued credit

27

28  
COMPLAINT FOR DAMAGES
Alberto Rocha, Ph.D. v. Elaine Chao, Secretary          Civil Action No.

2

1  card;

2           b.      Proposing to reassign Plaintiff to the Portland, Oregon Area Office;

3           c.      Pressuring Plaintiff to resign as National Chairman of a Latin or Hispanic

4  organization;

5           d.      Excluding Plaintiff from a meeting held by the then Acting District Director

6  regarding one of Dr. Rocha's staff members possessing a tape recorder at a staff meeting on

7  March 16, 2005;

8           e.      Creation of false information and reporting Dr. Rocha to the Federal Protective

9  Service on March 16, 2005;

10          f.      Issuing an unjustified memorandum regarding alleged misconduct by Dr. Rocha

11  on March 31, 2005;

12          g.      On April 7, 2005, placing Dr. Rocha on a Performance Improvement Plan (PIP),

13  which was both incomplete and unjustified;

14          h.      On April 11, 2005, denying Dr. Rocha the privilege of receiving important

15  information regarding critical cases which were assigned to members of his staff;

16          i.      On May 20, 2005, requiring Dr. Rocha to execute an "an assignment due date

17  systems" for his staff;

18          j.      Failing to meet with Dr. Rocha to discuss a fraudulently revised work plan issued

19  to him on May 25, 2005;

20          k.      On May 24, and May 25, 2005, disparaging and diminishing Dr. Rocha's authority

21  with his staff by making negative comments about him and criticizing his work performance

22  during staff meetings;

23          l.      Failing to appoint Dr. Rocha to serve as Acting District Director during the

24  absence of the Acting District Director on May 27, 2005;

25          m.      Failing to assign Dr. Rocha to review and certify time sheets in the Oakland

26  District Office staff during the absence of the Acting District Director on May 27, 2005;

27

28
                                   COMPLAINT FOR DAMAGES
                    Alberto Rocha, Ph.D. v. Elaine Chao, Secretary        Civil Action No.

                                                                                          3

1        n.    On May 13, 2005, failing to meet with Dr. Rocha concerning his progress on the

2  PIP;

3        o.    Issuing falsified memoranda concerning Dr. Rocha's work performance on May 2,

4  and May 29, 2005;

5        p.    On or about April 7, 2005, precluding Dr. Rocha from making managerial

6  decisions or recommendations concerning his staff;

7        q.    Issuing an unjustified memorandum which contained false accusations regarding

8  Dr. Rocha's knowledge of the whereabouts of his staff on May 31, 2005;

9        r.    On May 20, 2005, issuing memoranda which contained false accusations

10  regarding Dr. Rocha's job performance during the PIP meeting;

11        s.    On May 20, 2005, unfairly denying Dr. Rocha representation during the PIP

12  counseling session with the San Jose District Director;

13        t.    Issuing an unsubstantiated email regarding Dr. Rocha's management performance

14  on May 19, 2005;

15        u.    Failing to provide a new and corrected format for the "Pipeline Summary" work

16  product in an attempt to unjustly criticize Dr. Rocha work performance on May 20, 2005; and

17        v.    Subjecting Dr. Rocha throughout his employment with ongoing threats to

18  terminate his employment on the slightest pretext, and, as recently as on or about June 18, 2008,

19  threatening to terminate Dr. Rocha's employment for alleged misuse of a government issued

20  credit card in retaliation for his participation in protected activity, including but not limited to his

21  election to terminate unduly protracted, unduly burdensome and expensive proceedings before

22  the EEOC and commence this action.

23        7.    On information and believe and Plaintiff thereon alleges, the Agency treated and

24  treats persons who are not members of any of Plaintiff's protected classes and persons who did

25  not and do not engage in protected activity more favorably than it treated or treats Plaintiff. For

26  example, the Agency appointed Sarah Nelson Acting District Director in the Oakland Area

27

28

COMPLAINT FOR DAMAGES
Alberto Rocha, Ph.D. v. Elaine Chao, Secretary    Civil Action No.

4

1  Office and allowed her to serve in that office in that capacity for approximately one (1) year but
2  failed and refused to appoint Dr. Rocha to serve as Acting Assistant District Director in the
3  Oakland Area Office. Ms. Nelson is not a member of any of the protected classes to which Dr.
4  Rocha belongs, and she has no record of engaging in protected activity within the Agency.

5  ## IV.    DAMAGES

6  8.    Defendant's acts or omissions alleged herein were a substantial factor in causing
7  injury, harm, and damages to Plaintiff.  He was humiliated, hurt and injured in his health,
8  strength and activity, and he suffered and continues to suffer losses of reputation, goodwill and
9  standing in the community, scorn and humiliation, embarrassment, wounded feelings, mental
10  anguish and suffering, depression, anxiety, loss of enjoyment of life, and a general loss of self-
11  esteem and well being, in an amount to be shown according to proof at trial.

12  9.    Defendant's acts or omissions alleged herein were a substantial factor in causing
13  Plaintiff to suffer economic losses in the form of past and future salary and benefits, in an amount
14  to be shown according to proof at trial.

15  ## V.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

16  10.    Plaintiff has exhausted all of his once available administrative remedies within the
17  Agency itself and by his timely appeals to the United States Equal Employment Opportunity
18  Commission (EEOC).  Each of the adverse actions taken against Plaintiff alleged above in
19  paragraph 6. a. through 6. t. were accepted by the Agency for investigation without prejudice to
20  Plaintiff's further right to amplify his claims, more specifically, the specific adverse actions
21  Plaintiff listed in his informal complaints and in his October 18, 2005, letter.  On or about
22  November 7, 2005, Annabelle T. Lockhart, Director of the Agency's Civil Rights Center, advised
23  Dr. Rocha that the issues accepted for investigation would encompass an allegation of "ongoing
24  harassment."  More than 180 days have elapsed without a final disposition having been made
25  after the initial filing of each of Dr. Rocha's complaints alleged herein.  Pursuant to the
26  provisions of 42 United States Code §2000e-16(c),  Plaintiff elected to terminate the pending
27
28

COMPLAINT FOR DAMAGES
Alberto Rocha, Ph.D. v. Elaine Chao, Secretary        Civil Action No.

5

1  administrative proceedings and commence this civil action.

2  **VI.    CLAIMS FOR RELIEF:**

3  **A.    FIRST CLAIM FOR RELIEF: NATIONAL ORIGIN   TERMS &**

4  **CONDITIONS**

5  11.    Plaintiff refers to and hereby incorporates by reference paragraphs 1 through 10,

6  inclusive, with same force as effect if they were fully set forth herein.

7  12.    In doing each and all of the acts or omissions alleged herein, the Agency

8  intentionally, wilfully, and without justification discriminated against Dr. Rocha on the grounds

9  of his national origin (Mexican American) in violation of the provisions of 42 United States Code

10  §2000e-(a).    .

11  WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

12  **B.    SECOND CLAIM FOR RELIEF: GENDER   TERMS & CONDITIONS**

13  13.    Plaintiff refers to and hereby incorporates by reference paragraphs 1 through 10,

14  inclusive, with same force as effect if they were fully set forth herein.

15  14.    In doing each and all of the acts or omissions alleged herein, the Agency

16  intentionally, wilfully, and without justification discriminated against Dr. Rocha on the grounds

17  of his gender (male) in violation of the provisions of 42 United States Code §2000e-2(a).

18  WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

19  **C.    THIRD CLAIM FOR RELIEF: RETALIATION**

20  15.    Plaintiff refers to and hereby incorporates by reference paragraphs 1 through 10,

21  inclusive, with same force as effect if they were fully set forth herein.

22  16.    In doing each and all of the acts or omissions alleged herein, the Agency

23  intentionally, wilfully, and without justification retaliated against Dr. Rocha because of his

24  participation in protected activity in violation of the provisions of 42 United States Code §2000e-

25  3(a).

26  WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

27

28

COMPLAINT FOR DAMAGES
Alberto Rocha, Ph.D. v. Elaine Chao, Secretary        Civil Action No.

6

1

**D.    FOURTH CLAIM FOR RELIEF:  RETALIATORY HOSTILE WORK ENVIRONMENT**

2

3    17.    Plaintiff refers to and hereby incorporates by reference paragraphs 1 through 10,

inclusive, with same force as effect if they were fully set forth herein.

4

5    18.    In doing each and all of the acts or omissions alleged herein, the Agency

intentionally, wilfully, and without justification created and subjected Dr. Rocha to a hostile work

6

environment because of his participation in protected activity in violation of the provisions of 42

7

United States Code §§2000e–2(a) and 2000e-3(a).

8

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

9

10

**E.    FIFTH CLAIM FOR RELIEF:  BECAUSE OF PROTECTED CLASS HOSTILE WORK ENVIRONMENT**

11    19.    Plaintiff refers to and hereby incorporates by reference paragraphs 1 through 10,

12    inclusive, with same force as effect if they were fully set forth herein.

13    20.    In doing each and all of the acts or omissions alleged herein, the Agency

14    intentionally, wilfully, and without justification created and subjected Dr. Rocha to a hostile work

15    environment because of his race or color (brown) in violation of the provisions of 42 United

16    States Code § 2000e-2(a) and (d).            .

17    WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

18

**F.    SIXTH CLAIM FOR RELIEF: RACE OR COLOR   TERMS & CONDITIONS**

19

20    21.    Plaintiff refers to and hereby incorporates by reference paragraphs 1 through 10,

inclusive, with same force as effect if they were fully set forth herein.

21

22    22.    In doing each and all of the acts or omissions alleged herein, the Agency

intentionally, wilfully, and without justification discriminated against Dr. Rocha on the grounds

23

of his race or color (Brown) in violation of the provisions of 42 United States Code §2000e-(a).

24

.    WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

25

---

26

27

28

COMPLAINT FOR DAMAGES
Alberto Rocha, Ph.D. v. Elaine Chao, Secretary        Civil Action No.

7

1   **VII.    PRAYERS FOR RELIEF**

2   WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

3   A.    Compensatory and special damages, including but not limited to, lost past and

4   future wages and benefits, and damages for mental and emotional distress in an amount

5   according to proof at trial;

6   B.    Costs of suits incurred herein, including reasonable attorney's fees;

7   C.    Injunctive and other equitable relief which restrains the Agency, its officers,

8   servants and employees from continuing to subject or cause Plaintiff to be subjected to a hostile

9   work environment because of any one or more of the protected classes to which Plaintiff belongs

10  or because Plaintiff participated in protected activity; and

11  D.    Such other and further relief the Court deems just and proper.

12  Dated: June 20, 20008                                    MOORE & MOORE

13

14

15                                                          HOWARD MOORE, JR.
                                                            Attorney for Plaintiff,
16                                                          ALBERTO ROCHA, Ph.D.

17                              **JURY TRIAL DEMANDED**

18

19  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands

20  a trial by jury on all issues triable to a jury in each and every Claim for Relief in his complaint.

21  Dated: June 20, 2008                                    MOORE & MOORE

22

23

24                                                          HOWARD MOORE, JR.
                                                            Attorney for Plaintiff,
25                                                          Alberto Rocha, Ph.D.

26

27

28
    _____
                              COMPLAINT FOR DAMAGES
             Alberto Rocha, Ph.D. v. Elaine Chao, Secretary          Civil Action No.

                                                                              8