UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO ROCHA, Ph.D., | No.08-3049 MHP |
| Plaintiff(s), | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DISMISSING ACTION** |
| vs. | |
| HILDA L. SOLIS, Secretary, Department of Labor, | |
| Defendant(s). | |

This action was filed on June 23, 2008. It is now noticed for hearing on a motion for summary judgment for April 26, 2010. This hearing was scheduled by the court and the parties for this date pursuant to a stipulation and order entered January 19, 2010. In accordance with the order defendant was to file her motion on March 22, 2010 and plaintiff was to file his opposition on or before April 5, 2010. Plaintiff did not file his opposition, such as it was, until April 13, 2010, thirteen days before the hearing. This not only failed to comply with the stipulation and order, but also with Civil Local Rule 7-3 which requires that it "be served and filed not less than 21 days before the hearing date."

The April 13 filing was wholly inadequate as counsel for plaintiff should well know. There was no memorandum or brief filed with the papers. The papers consisted of a declaration from the plaintiff and an unsigned declaration from plaintiff's purported attorney, although one cannot tell from the declaration who the declarant is since no actual name is set forth in the declaration.

This is not the first instance of plaintiff's counsel's dereliction of duties. On April 10, 2009 this court issued an Order to Show Cause why the case should not be dismissed for counsel's failure to appear, reciting three occasions where counsel, Howard Moore, had failed to appear for his client.

1    The docket reflects that there have been several stipulations continuing the motion for summary
2    judgment briefing schedule.  The instant dereliction is the final straw.

3        The unsigned declaration of the purported attorney is stricken because it is unsigned and
4    incomplete.  Accompanying it is a document consisting of 102 pages, twelve of which are a
5    declaration of the plaintiff and the remainder of which are various documents.  Also filed on the
6    same date was a request for judicial notice with a twenty-plus page document attached.  All of these
7    document are stricken as untimely.  They are also of little use to the court without a memorandum or
8    brief.  It is not the court's responsibility to sift through the submissions and ascertain whether there
9    is sufficient evidence to defeat a motion for summary judgment; it is not the court's responsibility to
10   make plaintiff's arguments for him. There has been ample time for plaintiff's counsel to prepare the
11   case he filed nearly two years ago. Plaintiff and his counsel have been on notice at least since the
12   case management conference on December 8, 2008, that defendant anticipated filing a motion for
13   summary judgment.  A briefing schedule for the motion was set at a further case management
14   conference on April 27, 2009, a year ago.  Thereafter, as noted above, there were several
15   continuances of the schedule.

16       In view of the striking of the filings as untimely and inadequate, the motion is deemed
17   unopposed and submitted on the papers.  In view of the failure to oppose and having reviewed the
18   submissions in support of the motion, the motion for summary judgment is GRANTED.  Finally,
19   although the court is always wary of taking action that penalizes the party himself because of his
20   attorney's dereliction, the plaintiff, as can be seen from the record and even the caption, is not
21   unschooled or lacking in capacity to monitor his own lawsuit. He has had ample notice from the
22   record in this case of the obligations of his counsel and himself.  Therefore, in view of the
23   continuing deficiencies in this action, as noted above, this action is DISMISSED and judgment will
24   be entered accordingly.

25       IT IS SO ORDERED.

27   Date: April 15, 2010

MARILYN HALL PATEL
United States District Court Judge

2