```
HOWARD MOORE, JR., SBN 55228
MOORE & MOORE
1563 Solano Avenue, #204                 5/11/2010
Berkeley, California 94707-2116
Telephone:   (510) 552-7172
Facsimile:   (510) 528-3024
Email:       moorlaw@aol.com

Attorneys for Plaintiff, ALBERTO ROCHA
```

**DENIED**
Judge Marilyn H. Patel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO ROCHA,<br><br>    Plaintiff,<br><br>vs.<br><br>HILDA L. SOLIS, Secretary,<br>Department of Labor,<br><br>    Defendant. | Civil Action No. C08-3049 MHP<br><br>PLAINTIFF'S NOTICE OF MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF THE ORDER AND JUDGMENT GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>Date: June 14, 2010<br>Time; 2:00 p.m.<br>Ctrm: 15   18th Floor San Francisco |

    Plaintiff ALBERTO ROCHA hereby gives notice that he will move the Court for leave to treat his previously filed motion to set aside judgment pursuant to the Federal Rules of Civil Procedure (FRCP) Rules 55©, Rule 59(a) and (e), and Rule 60(b)(1) and (6) as one to Request Leave to File a Motion for Reconsideration of the Order and Judgment, entered April 15, 2010 (Documents #165 and #166), pursuant to Civ. L. Rule 7-9, on June 14, 2010, at 2:00 p.m., before the Honorable Marilyn Hall Patel, Senior United States District Judge, in Courtroom 15, 18th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102.

    The grounds for this motion are set forth below in the Declaration of Counsel.

---

<u>Declaration of Counsel</u>

1.    I am an attorney at law and admitted to practice before all of the courts of California and an active member of the Bar of this Court.  I am counsel of record for Plaintiff Alberto Rocha on whose behalf I make the within motion for leave to file a motion for reconsideration of the order and judgment granting Defendant's motion for summary judgment. I have personal knowledge of all matters stated herein, and, if I were called and sworn as witness in this civil action, I would and could competently testify to all of the facts set forth herein, based upon my own personal knowledge.

2.    I make this motion on the direction of the Court's Courtroom Deputy who informed me via email that the Court treated the motion which I filed on behalf of Plaintiff to set aside default and default judgment, to alter or amend judgment, or for new trial, or for relief from judgment pursuant to the FRCP, Rules 55(c),Rule 59(a) and (e), and Rule 60(b)(1) and 6, respectively, as a motion for reconsideration for which Plaintiff was required to request leave or permission from the Court to file.  Accordingly, I now request leave from the Court to file said motion.

3.    I did not request leave from the Court to file the motion because I did not believe that leave was required.  Civ. L. Rule 7-9, on its face, requires leave to file a motion for reconsideration prior "to the entry of judgment adjudicating all of the claims and the rights and liabilities of all parties in the case" and, therefor, Rule 7-9 applies only to interlocutory orders. In this case, both a final order and judgment which adjudicated all of the claims in the action was entered before Plaintiff's motion to set aside the judgment was made. For that reason, I did not believe Plaintiff could make the showing required by Rule 7-9(b) to support a request for leave to file a motion for reconsideration.

4.    Nevertheless, Plaintiff requests the Court to either treat his motion as one for reconsideration or allow it to be heard as a matter of right under FRCP, Rule 55(c), 59(a) and (e), and Rule 60(b)(1) and (6).

Plaintiff's Notice of Motion & Motion for Leave to File Motion for Reconsideration of Order & Judgment Granting Summary Judgment
Alberto Rocha v. Hilda L. Solis, Secretary      Case No. CV-08-3049-MHP

2

1    5.   The Court treated Defendant's motion for summary judgment as an unopposed
2 motion on the grounds Plaintiff did not timely file his opposition to the motion and for defects in
3 the opposition which Plaintiff did in fact file.  The Court noted that the parties had stipulated to
4 the hearing on the motion for summary judgment.  In the latter regard, Plaintiff asks the Court to
5 relieve him from the inadvertence, mistake, surprise, or excusable neglect of counsel in executing
6 the stipulation.  Civ. L. Rule 7-3 provides that an opposition to a motion must be "served and
7 filed not less than 21 days before the hearing date."  Due to inadvertence, mistake, surprise, or
8 excusable neglect, I entered into a stipulation which allowed Plaintiff less than 21 days in which
9 to serve and file his opposition to Defendant's motion for summary judgment.  Due to the
10 complexity of Defendant's motion, Plaintiff clearly needed more time in which to prepare, serve,
11 and file his opposition to Defendant's motion for summary judgment than the 14 days which the
12 stipulation provided.

13   6.   As a result, due to no fault of the Court, a manifest failure to consider material
14 facts and dispositive argument occurred, as demonstrated in Plaintiff's Corrected Memorandum
15 of Points and Authorities to set aside the judgment filed herewith.

16   Executed under penalty of perjury of the laws of the United States that the foregoing is
17 true and correct at Berkeley, California, on May 9, 2010.

*s/Howard Moore, Jr.*
_____
HOWARD MOORE, JR.
Attorney for Plaintiff

Plaintiff's Notice of Motion & Motion for Leave to File Motion for Reconsideration of Order & Judgment Granting Summary Judgment
Alberto Rocha v. Hilda L. Solis, Secretary     Case No. CV-08-3049-MHP

3